996 F.2d 1219
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Barry J. SMITH, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 91-3882.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 8, 1993.*
Decided June 14, 1993.
Rehearing and Rehearing In Banc
Denied July 14, 1993.
 
 Before POSNER, FLAUM, and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Following his conviction for threatening a federal judge, Barry Smith requested a new trial under Rule 33 of the Federal Rules of Criminal Procedure. The district court denied the motion, and we affirm.
 
 I. BACKGROUND
 
 2
 On December 29, 1989, Smith informed an agent from the Federal Bureau of Investigation (FBI) that he planned to decapitate a Federal District Court judge with a "16th century Jewish sword." The FBI informed the United States Marshall Service of the threat, and the marshals searched Smith's home. Inside the house, the marshals found Smith lying in bed with a "ceremonial sword."
 
 
 3
 The United States subsequently charged Smith with threatening to murder a United States judge. 18 U.S.C. § 115(a)(1)(A). Because the government questioned Smith's competency to stand trial, it filed a motion requesting a psychological or psychiatric examination. In its motion, the government noted that Smith had appeared "agitated" during court proceedings. It also relayed that Dr. Kelly Balliet, who had treated Smith in the past, had diagnosed Smith as having bi-polar disorder and that Balliet had prescribed medication for Smith's condition. After reading the government's recommendation, the court authorized psychiatrist William J. Crowley to examine Smith. In his pretrial report, Dr. Crowley noted certain psychological abnormalities but concluded that Smith was competent to stand trial. Based on the Crowley's report, the trial court found Smith competent.
 
 
 4
 Smith then proceeded to a jury trial, where he represented himself with the assistance of stand-by counsel. Following his conviction on April 18, 1990 and his sentencing on June 11, 1990, Smith appealed to this court. We affirmed the conviction and sentence in an unpublished order. On October 4, 1991, Smith filed a timely motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. He based his motion on three medical reports, which allegedly provided "newly discovered evidence" of his incompetency to stand trial. A report written on June 28, 1990 noted Smith's pressured speech, agitation, and flight of ideas. It diagnosed these symptoms as "Bi-Polar Disorder." A second report, from July 12, 1990, diagnosed Smith's condition as "Possible Paranoid Schizophrenia," and it prescribed various medications for that disorder. A December 28, 1990 report also prescribed medication for Smith. After concluding that this evidence was not "newly discovered," the district court denied Smith's motion.
 
 II. ANALYSIS
 
 5
 Rule 33 of the Federal Rules of Criminal Procedure provides that "[t]he [district] court on motion of a defendant may grant a new trial to that defendant if required by the interest of justice." The Rule specifically includes "newly discovered evidence" as a ground for relief. To obtain relief based on newly discovered evidence, the defendant must demonstrate:
 
 
 6
 that the evidence (1) came to [his] knowledge only after trial; (2) could not have been discovered sooner had due diligence been exercised; (3) is material and not merely impeaching or cumulative; and (4) would probably lead to an acquittal in the event of a retrial.
 
 
 7
 United States v. Kamel, 965 F.2d 484, 490 (7th Cir.1992). Most defendants have great difficulty proving all of these elements, especially in an appeal. As we stressed in United States v. Davis:
 
 
 8
 The party who claims that the trial court erred in denying his motion for a new trial is not likely to be successful. The appellate court properly defers to the view of the trial court, and will affirm unless there has been an error as a matter of law or a clear and manifest abuse of judicial discretion.
 
 
 9
 604 F.2d 474, 484 (7th Cir.1979).
 
 
 10
 After considering Smith's new evidence and the district court record, we conclude that the district court acted within its discretion when it denied the motion for a new trial. The court correctly concluded that most of the information contained in the reports was not "newly discovered." The district court already knew about the diagnosis of Bi-Polar Disorder and about the prescribed medication. The only new information, the diagnosis of "Possible Paranoid Schizophrenia," was not material evidence because it added little to the judge's understanding of Smith's competency. Judges, who are untrained in medical terminology, base their decisions upon explanations of a defendant's symptoms, not upon medical jargon. The only symptoms discussed in the medical reports are: pressured speech, agitation, and the flight of ideas. These same symptoms were both discussed in Dr. Crowley's pretrial report and apparent from Smith's behavior in court.
 
 
 11
 Because Smith cannot establish the materiality of his new evidence, as required by part three of our four-part test, we AFFIRM the district court's denial of Smith's motion under Rule 33.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Smith has filed such a statement. After examining the statement along with the briefs and the record, we conclude that oral argument is unnecesscary